IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEI, LLC,                                          Civil No.  08-6046-AA
                                                   OPINION AND ORDER
        Plaintiff,

   vs.

INTEGRAL APPLIED TECHNOLOGY, INC.,
and GUSTAVO MARTINEZ,

        Defendants.

   vs.

SCOTT TICE,

        Third-Party Defendant.
_____

Scott E. Davis
James E. Geringer
Salumeh R. Loesch
Klarquist Sparkman, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
    Attorneys for plaintiff

Integral Applied Technology, Inc.
860 Broad Street No. 102
Emmaus, PA 18049
    Unrepresented Corporate defendant

Page 1 - OPINION AND ORDER

        and Counterclaim plaintiff

Gustavo Martinez
3440 Lehigh Street No. 332
Allentown, PA 18103
        Defendant and Counterclaim plaintiff
        Appearing Pro Se

Kurt M. Rylander
Mark E. Beatty
Rylander & Associates PC
406 West 12th Street
Vancouver, Washington 98660
        Attorneys for Third-Party Defendant

AIKEN, Judge:

    Plaintiff filed a summary judgment motion on all claims against defendants. That motion is granted. Further, plaintiff and third-party defendant, Scott Tice (Tice), filed motions for summary judgment asserting that they are entitled to judgment as a matter of law on defendants' third-party claims. Plaintiff's and Tice's motions are also granted.

BACKGROUND

    Plaintiff, MEI, LLC, brings a complaint alleging copyright infringement and unfair competition against its former customer, defendant Integral Applied Technology, Inc., a Pennsylvania company, and defendant Gustavo Martinez, an individual and president/owner of Integral Applied Technology, Inc. ("defendants"). Plaintiff requests injunctive relief and damages to remedy alleged infringement of United States Copyright Registration No. TX 6-820-166 ('166).

    Plaintiff is a technology company specializing in providing

Page 2 - OPINION AND ORDER

products and services to the semiconductor, medical device and other high technology manufacturing industries. Among other items, plaintiff's products include IDX Robotics automation software which includes plaintiff's copyrighted IDX Flexware Software, '166. Defendants paid for and obtained several authorized copies of plaintiff's IDX software for use with its customers. One such software was sold to defendants for $11,900, on September 1, 2006. Around March 2007, plaintiff informed defendants that plaintiff would no longer provide defendants with IDX software. Plaintiff alleges that defendants, unable to obtain an authorized copy of IDX software from plaintiff, nonetheless, illegally copied plaintiff's IDX software and used the copied software with its customers. Plaintiff also alleges that defendants made unauthorized modifications to the IDX software to make it compatible for use to sell to its customers. Specifically, defendants modified plaintiff's "splash screen" to delete references to the author, software title and serial number assigned by plaintiff.

Defendants filed counterclaims for trade secret misappropriation against plaintiff and identical third-party claims against a plaintiff employee, third-party defendant, Scott Tice. Tice previously worked with defendant Gustavo Martinez at Integral Applied Technology. Beginning February 8, 2008, when plaintiff filed this action, defendants had over a year to

Page 3 - OPINION AND ORDER

litigate this case and to prosecute the asserted counterclaims. Up until February 9, 2009, when this court granted defendants' counsel motion to withdraw, defendants had the opportunity to prosecute any claims with the assistance of counsel.

Plaintiff filed its summary judgment motion against defendants on May 19, 2009. Both plaintiff and Tice then filed motions for summary judgment against defendants' counterclaims on May 19, 2009, and June 5, 2009, respectively. Both parties sought discovery from defendants, including document production requests and interrogatories, however, defendants did not produce any discovery. Defendants have also failed to file any opposition to any summary judgment motion even after this court, sua sponte, allowed defendants an additional two months to file any response.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a

verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

## DISCUSSION

1. Plaintiff's Motion for Summary Judgment

A. Merits

Plaintiff moves for summary judgment against defendants for copyright infringement, 17 U.S.C. § 106 et seq., violations of the Digital Millennium Copyright Act ("DCMA"), 17 U.S.C. § 1202(b), and Lanham Act violations, 15 U.S.C. § 1125(a).

It is undisputed that the last copy of plaintiff's IDX software that defendants paid for was in 2006. Unable to obtain

Page 5 - OPINION AND ORDER

any authorized copies of plaintiff's IDX software since 2006, plaintiff alleges that defendants continued to sell and install that software. Defendants admit that it provided material to a customer in 2007 that included defendants' upgrade and reconfiguration of the IDX software. Plaintiff asserts that its actual damages for the unauthorized software installed by defendants are "at least $11,900" and the "unjust revenue enjoyed by [defendants] and facilitated by that unauthorized copy is $804,000." The same conduct establishing the copyright violations relating to removing copyright management information also establishes violations of the Lanham Act, 15 U.S.C. § 1125(a). The Lanham Act prohibits "us[ing] in commerce any . . . false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (A) is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods, services[.]" 15 U.S.C. § 1125(a)(1). There can be no dispute that deleting the author and source of the software from the splash screens is likely to "cause confusion, . . . mistake, . . . or . . . deceive as to the origin." Id.

    I find no disputed issues of material fact and therefore grant plaintiff's motion for summary judgment on its claims against defendants for copyright infringement, violations of the Lanham Act, and violations of the Digital Millennium Copyright

Act. Defendants have presented no evidence, nor filed any opposition to this motion.

B. Damages

Plaintiff is awarded actual damages for illegal copyright/derivative, 17 U.S.C. § 504(b), in the amount of $11,900 against defendants. Plaintiff is also entitled to damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for removing corporate management information, a total of three (3) violations penalized at $25,000 each for a total penalty of $75,000. Finally, plaintiff is entitled to damages pursuant to 17 U.S.C. § 1203(c)(3)(A) (circumvention) for 12 violations, penalized $2,500 per violation, for a total penalty of $30,000. The total damage award is $116,900. The court declines to award plaintiff defendants' "profits" for illegal copyright/derivative pursuant to 17 U.S.C. § 504(b); 15 U.S.C. § 1117(a).

2. Plaintiff's and Tice's Motions for Summary Judgment on Third-Party Claims

Defendants filed their third-party claims for breach of contract, trade secret misappropriation and tortious interference with contract well over one year ago. Defendants have failed to come forward with any evidence whatsoever to support those claims.

A. Breach of Contract

To prove breach of contract, a party must "establish the

Page 7 - OPINION AND ORDER

existence of a valid contract and the breach thereof." Pendleton Grain Growers v. Pedro, 271 Or. 24, 28, 530 P.2d 85 (1975). Specifically, the claim must include the following elements: (1) whether the contract is oral or written; (2) when the contract was made; (3) the terms of the contract; (4) what action was taken to breach the contract; and (5) damages. Dial Temporary Help Serv., Inc. v. Shrock, 1996 WL 172741 at *2 (D. Or. 1996). Defendants have failed to identify or produce any contract, nor has any evidence of any alleged oral contract or agreement been produced. Similarly, defendants have failed to identify any terms of the alleged contract, including price and duration. Without any evidence of a contract or the terms of any alleged contract, defendants' counterclaim must be dismissed.

Therefore, plaintiff's and Tice's motions for summary judgment as to defendants' breach of contract counterclaim is granted and this counterclaim is dismissed.

B. Trade Secrets Misappropriation

To establish a trade secrets misappropriation claim pursuant to Or. Rev. Stat. § 646.461 et seq., plaintiff must demonstrate: (1) the subject of the claim qualifies as a statutory trade secret; (2) the party employed reasonable measures to maintain the secrecy of its trade secrets; and (3) the conduct of the other party constitutes statutory misappropriation. W. Med. Consultants, Inc. v. Johnson, 835 F. Supp. 554, 557 (D. Or.

1993), aff'd, 80 F.3d 1331 (9th Cir. 1996). Defendants have the "burden of proving both the existence of a trade secret and its misappropriation." IKON Office Solutions, Inc. v. Am. Office Prods., Inc., 178 F. Supp.2d 1154, 1167 (D. Or. 2001). Defendants have not produced any evidence of any alleged trade secret or of any misappropriation. In IKON, the court found no evidence of any documents that were taken, only "what is in defendants' minds. Although pricing information and marketing strategy can be a trade secret . . . Ikon has not directed the court's attention to any materials of this nature that truly warrant protection as a trade secret, as opposed to general business knowledge . . . Ikon's trade secrets claim also falters on the absence of evidence that defendants improperly used any 'trade secrets' to compete with Ikon or that Ikon was injured as a result." Id. at 1169-70. We have a similar situation at bar. Defendants here have failed to produce or point to any evidence whatsoever first of defendants' trade secrets; and second, of any misappropriation of those trade secrets. Plaintiff's and Tice's summary judgment motions on this claim are granted and this counterclaim is dismissed.

C. Tortious Interference with Contract

Similarly, I find no evidence of defendants' counterclaim tortious interference with contract. To prove this claim, defendants must prove: (1) the existence of a valid contract or a

Page 9 - OPINION AND ORDER

reasonable expectancy of economic advantage; (2) knowledge of the contract or expectancy by the alleged interfering party; (3) intentional interference with the contract or expectancy by the alleged interfering party; (4) that the alleged interfering party's means or motive inducing or causing breach or termination of the relationship or expectancy was improper or wrongful by some measure beyond the fact of the interference itself; and (5) damage. Glacier Optical, Inc. v. Optique Du Monde, Ltd., 816 F. Supp. 646, 654 (D. Or. 1993), aff'd, 46 F.3d 1141 (1995). Defendants have failed to produce any evidence of a relevant valid contract, nor have defendants produced any evidence that any purported contract or economic advantage was intended to continue.  Further, defendants have failed to produce any evidence of any relevant tortious conduct.  Specifically, there is no evidence of wrongful conduct, improper motive, inducement, or any resultant harm.  Therefore, plaintiff's and Tice's motions for summary judgment are granted and this counterclaim is dismissed.

## CONCLUSION

Third-party defendant's motion for summary judgment (doc. 70) is granted; third-party defendant's motion for sanctions (doc. 78) is denied.  Plaintiff's motion for summary judgment against counterclaims (doc. 59) is similarly granted.  Further, plaintiff's summary judgment motion (doc. 63) is also granted.

Plaintiff is awarded damages in the amount of $116,900 against defendants. Plaintiff is ordered to prepare an order of injunctive relief against defendants for the court's review and signature.

IT IS SO ORDERED.

Dated this __31__ day of August 2009.

>                 /s/ Ann Aiken
>                   Ann Aiken
>          United States District Judge